IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:01CR196 |
| vs. | MEMORANDUM AND ORDER |
| COREY J. OJEDA | |
| Defendant. | |

This matter is before the Court on the Motion for Reconsideration, ECF No. 48, filed by Defendant Corey J. Ojeda ("Ojeda"), and the Motion for a Certificate of Appealability, ECF No. 49, filed by Ojeda's court-appointed counsel[1]. Ojeda asks the Court to reconsider its Judgment, ECF No. 47, in which the Court summarily dismissed Ojeda's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), ECF No. 39. For the reasons stated below, Ojeda's Motion for Reconsideration, ECF No. 48, will be granted.

## STANDARD OF REVIEW

Ojeda's Motion for Reconsideration is construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), and is timely. *See Hallquist v. United Home Loans, Inc.*, 715 F.3d 1040, 1044 n.2 (8th Cir. 2013) (explaining "motions to reconsider" are "treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e)").

---

[1] By General Order No. 2015-03, this Court appointed the Office of the Federal Public Defender to represent all defendants who presented motions under 28 U.S.C. § 2255 pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). Although counsel entered an appearance pursuant to the General Order, the Defendant's *pro se* filing suggests that the Defendant has declined such representation.

"Rule 59(e) motions serve the limited function of correcting 'manifest errors of fact or law or to offer newly discovered evidence . . . .'" *United States v. Metro St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).

## DISCUSSION

Ojeda contends that the Court dismissed his § 2255 Motion before fully considering the application of the United States Supreme Court's holding in *Beckles v. United States* to the circumstances of his sentence. ___U.S.___, 137 S. Ct. 886 (2017).

In *Beckles*, the Supreme Court held that the "*advisory* [United States Sentencing] Guidelines are not subject to vagueness challenges under the Due Process Clause." *Id.* at 890 (emphasis added). Ojeda was sentenced under the U.S.S.G. in 2002[2] when the United States Sentencing Guidelines ("U.S.S.G.") were mandatory rather than advisory and, as such, cites the following statement from *Beckles* in his Motion to Reconsider:

> The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)—that is, during the period in which the Guidelines did "fix the permissible range of sentences," ante, at 892—may mount vagueness attacks on their sentences. That question is not presented by this case and I, like the majority, take no position on its appropriate resolution.

*Beckles v. United States*, 137 S. Ct. 886, 905 n.4 (2017) (Sotomayor, J., concurring).

---

[2] Ojeda was classified as a career offender and received a sentencing enhancement due to prior crimes of violence, which Ojeda contends fell within the scope of the residual clause of U.S.S.G. § 4B1.2(a). His § 2255 Motion argues that U.S.S.G. § 4B1.2(a) is unconstitutionally vague similar to the residual clause of the Armed Career Criminals Act at issue in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015).

Therefore, *Beckles,* as applied to Ojeda's pre-*Booker* sentence, does not necessarily prohibit a Due Process vagueness challenge to the mandatory U.S.S.G. used to sentence Ojeda in 2002. Because *Beckles* was relied upon to summarily dismiss Ojeda's § 2255 Motion, the Court finds it appropriate to grant the Motion to Reconsider. As a result, Ojeda's Motion for a Certificate of Appealability regarding the Court's denial of his § 2255 Motion is moot. Accordingly,

IT IS ORDERED:

1. Ojeda's Motion to Reconsider, ECF No. 48, is granted;

2. Ojeda's Motion for a Certificate of Appealability, ECF No. 49, is denied as moot;

3. On or before April 25, 2017, court-appointed counsel will confirm whether he is representing the Defendant pursuant to the Defendant's consent, and, if so, whether a briefing schedule is requested; and

4. The Clerk is directed to reopen this matter and mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 11th day of April, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge