# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>COREY J. OJEDA,<br><br>    Defendant. | 8:01CR196<br><br>MEMORANDUM AND ORDER |

This matter is before the Court for initial review of the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), ECF No. 39, filed by Corey J. Ojeda ("Defendant"). For the reasons stated below, the § 2255 Motion will be summarily dismissed.

## BACKGROUND

On February 25, 2002, Defendant pled guilty to the offenses of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1) ("Count I"), and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) ("Count II"). Defendant received a sentence of 151 months incarceration on Count I and 60 months incarceration on Count II, to be served consecutively, followed by three years of supervised release on each count, to be served concurrently. Defendant did not appeal the conviction or sentence. ECF No. 32.

A review of the Presentence Investigation Report ("PSR"), ECF No. 31, reveals that Defendant was sentenced as a career offender under the federal Sentencing Guidelines. United States Sentencing Commission, Guidelines Manual § 4B1.1 (Nov. 2000) (U.S.S.G.). Section 4B1.1(a) of the Guidelines confers career offender status

where the defendant is being sentenced for a felony that is either a crime of violence or a controlled substance offense and the defendant also has two prior felony convictions of crimes of violence or controlled substance offenses. *Id.* At the time of Defendant's sentencing, § 4B1.2 defined the term "crime of violence" to include "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" U.S.S.G. § 4B1.2(a)(2) (2011) (emphasis added). The italicized language is known as the residual clause. *Beckles v. United States*, ___U.S.___, 137 S. Ct. 886, 890 (2017). Defendant was given career offender status due to his prior crimes of violence, *i.e.*, burglary and first-degree assault. Defendant contends that his burglary conviction fell within the scope of the residual clause of § 4B1.2 of the Guidelines. U.S.S.G. § 4B1.2(a)(2).

In *Johnson v. United States*, the Supreme Court held the residual clause[1] of the Armed Career Criminal Act of 1984 (the "ACCA"), 18 U.S.C. §924(e)(1), which is identical to the residual clause in Guidelines § 4B1.2(a)(2), to be unconstitutionally vague, and therefore void pursuant to the Due Process Clause of the Fifth Amendment. 576 U.S. ___, 135 S. Ct. 2551 (2015). In *Welch v. United States*, the Supreme Court held "that *Johnson* is retroactive in cases on collateral review[.]" 578 U.S. ___, 136 S. Ct. 1257 (2016). Citing *Johnson*, the Defendant argues that the identically worded

---

[1] Section 924(e)(2)(B) of the ACCA defined the term "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year, that . . . *otherwise involves conduct that presents a serious potential risk of physical injury to another.* 18 U.S.C. 924(e)(2)(B) (emphasis added to residual clause).

2

residual clause of Guidelines § 4B1.2(a)(2) is unconstitutionally vague and that his sentence should be vacated and corrected.

The Supreme Court recently held that the advisory Sentencing Guidelines, including the residual clause of § 4B1.2(a), are not subject to vagueness challenges under the Due Process Clause. *Beckles v. United States*, ___U.S.___, 137 S. Ct. 886 (2017). Defendant contends that because the Supreme Court limited its holding in *Beckles* to the advisory Sentencing Guidelines, and because he was sentenced in 2004 when the Guidelines were mandatory,[2] *Beckles* does not bar his due process vagueness challenge to the mandatory Sentencing Guidelines. Accordingly, he asks the Court to vacate and modify his sentence in light of *Johnson*.

## STANDARD OF REVIEW

Section 2255(b) requires a court to serve notice of the § 2255 motion upon the United States attorney, grant a prompt hearing, and make a determination on the motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b).

Specifically, Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States

---

[2] *United States v. Booker*, 543 U.S. 220 (2005) (holding the federal Sentencing Guidelines must be advisory).

3

attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Thus, the reviewing court may summarily dismiss the § 2255 motion if it plainly appears the movant is not entitled to relief.

## DISCUSSION

### I. The Supreme Court's holding in *Beckles* Does Not Bar Defendant's Action

Defendant was sentenced in 2002, before the Supreme Court's decision in *United States v. Booker*, which held that the Sentencing Guidelines are advisory, not mandatory. 543 U.S. 220 (2005).[3] In *Beckles,* the Supreme Court held that the *advisory* Sentencing Guidelines are not subject to a due process vagueness challenge under the Fifth Amendment. 137 S. Ct. 886. Therefore, the holding in *Beckles* does not bar Defendant's vagueness challenge to Guidelines § 4B1.2(a).

### II. The Right Asserted by the Defendant Has Not Been Recognized by the Supreme Court, Nor Made Retroactively Applicable to Cases on Collateral Review, and the Defendant's § 2255 Motion is Time-Barred

A prisoner sentenced by this Court "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" may move the Court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255(f) requires all § 2255 motions to be filed within one year from:

(1) the date on which the judgment of conviction becomes final;

---

[3] Because the Defendant's sentence was final at the time of the *Booker* decision, he had no right to be resentenced under any retroactive application of the advisory guidelines. See *Never Miss A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005).

4

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Defendant suggests that Subsection (f)(3) provides an avenue for his § 2255 Motion. Therefore, in order to succeed, the § 2255 Motion must identify and assert a "right [to a corrected sentence] . . . newly recognized by the *Supreme Court* and made retroactively applicable to cases on collateral review." *Id.* (emphasis added).

"[T]o determine whether a right 'has been newly recognized by the Supreme Court,' we must inquire whether the Supreme Court announced a 'new rule' within the meaning of the Court's jurisprudence governing retroactivity for cases on collateral review." *Headbird v. United States*, 813 F.3d 1092, 1095 (8th Cir. 2016) (quoting 28 U.S.C. § 2255(f)(3)) (citing *Teague v. Lane*, 489 U.S. 288, 301 (1989)).

It is established that "[t]he Supreme Court in *Johnson* announced a new rule of constitutional law," and the rule has been made retroactively applicable to cases on collateral review. *Donnell v. United States*, 826 F.3d 1014, 1015 (8th Cir. 2016) (citing *Welch*, 136 S. Ct. at 1257). The rule announced in *Johnson* and *Welch*, however, was that a prisoner may collaterally attack a sentence if it was imposed pursuant to the unconstitutionally vague residual clause in § 924(e)(2)(B) of the ACCA. *Johnson* and *Welch* did not call into question § 4B1.2(a)(2) of the Guidelines, the Guidelines in general, or any other sentencing provisions with similarly worded clauses. *Johnson*,

135 S. Ct. at 2561 (rejecting the suggestion that similarly worded "federal and state criminal laws" would be subject to "constitutional doubt"); *Welch*, 136 S. Ct. at 1262 (clarifying that "[t]he Court's analysis in *Johnson* thus cast no doubt on the many laws that require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion."). Therefore, the holding in *Johnson* did not announce a new rule invalidating the residual clause in § 4B1.2(a)(2) of the Guidelines.

Defendant's § 2255 Motion seeks an extension, not an application, of the rule announced in *Johnson*. Such an extension would require "the post-conviction court [to] announce a second new rule that extends *Johnson* to the [mandatory] sentencing guidelines." *Donnell*, 826 F.3d at 1016. Section 2255(f)(3), however, requires the recognition of such a rule to "come from the Supreme Court, not from this [C]ourt." *United States v. Mason*, No. 2:10-CR-0080-LRS-1, 2016 WL 6803398, at *4 (E.D. Wash. Nov. 16, 2016) (denying § 2255 motion to vacate and correct sentence, and refusing to extend *Johnson* to the Sentencing Guidelines absent a new rule from the Supreme Court); *United States v. Kenney*, No. 1:92-CR-22, 2016 WL 7117919, at *3 (M.D. Pa. Dec. 7, 2016) (explaining "§ 2255(f)(3) explicitly requires that such a right be initially recognized by the Supreme Court").

In *Donnell v. United States*, the Eighth Circuit Court of Appeals denied certification to file a successive § 2255 motion under § 2255(h)(2), which advanced the same argument to extend *Johnson* as Defendant's § 2255 Motion. *Donnell*, 826 F.3d at 1014. The Eighth Circuit explained that "[i]t is not enough for the successive motion to cite a new rule that merely serves as a predicate for urging adoption of another new rule that would recognize the right asserted by the movant." *Id.* at 1017. The court in

*Donnell* reached the ultimate conclusion that arguing for the extension of *Johnson* beyond the residual clause in the ACCA "urges the creation of a second new rule," which must be done by the Supreme Court before the successive § 2255 motion can be certified. *Id.*

Although *Donnell* analyzed *Johnson*'s application to the Sentencing Guidelines in the context of certifying a successive motion under § 2255(h)(2), the Eighth Circuit explained "§ 2255(h)(2) should be construed *in pari materia* with § 2255(f)(3)." *Donnell*, 826 F.3d at 1014. Moreover, § 2255(h)(2) requires a successive motion to "contain . . . a *new rule* of constitutional law, made retroactive on collateral review by the Supreme Court . . . ." 28 U.S.C. § 2255(h)(2) (emphasis added). Section 2255(f)(3) requires an initial motion to assert a *right* that "has been *newly recognized* by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3) (emphasis added). As previously noted, the Eighth Circuit has instructed that in evaluating whether a right has been newly recognized by the Supreme Court, the inquiry is the same as evaluating whether the Supreme Court announced a new rule within the meaning of the Court's jurisprudence governing retroactivity for cases on collateral review. *Headbird*, 813 F.3d at 1095 ("Although the terminology used in § 2255(f)(3) is different, it seems unlikely that Congress meant to trigger the development of a new body of law that distinguishes rights that are 'newly recognized' from rights that are recognized in [a] 'new rule' under established retroactivity jurisprudence"). Therefore, the inquiry in *Donnell*—whether the successive motion contained a new rule of constitutional law—and the inquiry in this case—whether Defendant's § 2255 Motion

asserts a right newly recognized by the Supreme Court—are the same. *See Donnell*, 826 F.3d at 1016-17; *Headbird*, 813 F.3d at 1095.

The Defendant asks this Court to extend the rule announced in *Johnson* to § 4B1.2(a)(2) of the Sentencing Guidelines as they were applied in 2002. Because such an extension of *Johnson* would require this Court to create a new rule, and because the plain language of § 2255(f)(3) reserves the creation of such a rule to the Supreme Court, the Defendant may not rely upon § 2255(f)(3) for the filing of his § 2255 Motion, and the § 2255 Motion is time-barred.

THEREFORE, IT IS ORDERED:

1. That the Court completed initial review of Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), ECF No. 39;

2. For the reasons stated above, the § 2255 Motion, ECF No. 39, is time-barred and will be summarily dismissed;

3. Defendant's Motion of Confirmation of Representation and Request for Briefing Schedule, ECF No. 55, is denied as moot;

4. A separate Judgment will be entered; and

5. The Clerk will mail a copy of this Memorandum and Order to the Defendant at the Defendant's last known address.

Dated this 26th day of April, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge